**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GAVIN GAUTREAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO:       07-5653** |
| **APACHE CORPORATION, ET AL.** | **SECTION: "S" (4)** |

<u>**REPORT AND RECOMMENDATION**</u>

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.[1]

Before the Court is a **Motion to Enforce Settlement and to Compel Execution of Releases (R. Doc. 201),** filed by the Defendants, Apache Corporation ("Apache"), R&R Boats, Inc. ("R&R Boats"), and St. Paul Fire and Marine Insurance Co. ("St. Paul"), (collectively, "the Defendants") seeking an order enforcing the settlement in this case and compelling the Plaintiff to sign a full release. The Plaintiff, Gavin Gautreaux, opposes the motion. (R. Doc. 202.) Gautreaux filed a supplemental memorandum in support of his opposition. (R. Doc. 211.) The motion was referred to the undersigned on March 10, 2011, (R. Doc. 203) and was heard on the briefs on April 27, 2011.

**I.      <u>Background</u>**

Gautreaux was employed by Ocean Chef as a cook/steward. (R. Doc. 75, ¶ III.) On

---

[1]*See* R. Doc. 203.

September 18, 2006, Ocean Chef assigned Gautreaux to work on Defendant, Apache's, offshore platform located in the Gulf of Mexico at East Cameron Block 353.  *Id.*  Gautreaux claims that Apache's platform, in which he was performing his job duties, had extensive damage.  (R. Doc. 75, ¶ VII.)  Particularly, Gautreaux claims that the lower section of the platform, where employees transferred to and from the platform to the vessels using a swing rope, was substantially damaged. *Id.*  Gautreaux filed this claim for injuries sustained when he hit a vessel trying to descend from a platform in the Gulf of Mexico to a vessel, the M/V Jessica Faye, using a swing rope.  (R. Doc. 75, ¶¶ VIII, IX.)

Gautreaux initially filed his Complaint on September 17, 2007.  (R. Doc. 1.)  On July 1, 2008, he filed an Amended Complaint.  (R. Doc. 17.)  On March 3, 2009, Gautreaux filed his Second Amended Complaint (R. Doc. 38), and finally, on May 14, 2010, he filed his Third Amended Complaint.  In his Third  Supplemental and Amended Complaint[2], the following individuals were named  as  Defendants:  (1)  Apache  Corporation;  (2)  C&G  Boats Inc.;  (3)  Houston  Casualty Company; (4) R&R Boats, Inc.; and (5) St. Paul Fire & Marine Insurance Company.  (R. Doc. 75.) On June 2, 2010, C&G Boats and Houston Casualty Company were dismissed without prejudice from the lawsuit.  (R. Doc. 79.)

On October 22, 2010, counsel for the remaining Defendants, Apache Corporation, R&R Boats, Inc., and St. Paul Fire & Marine Insurance Company, in addition to the Intervenor, the Louisiana Workers Compensation Corporation, settled the case before the undersigned.  (R. Doc.

---

[2]The Court notes that although the Plaintiff entitled his Third Amended Complaint as a "Supplemental and Amending Complaint," the Plaintiff, within the Third Complaint, did not specifically indicate that all previous Complaints were incorporated within the new Complaint.  Therefore, the Third Complaint was an amended complaint, as opposed to a supplemental complaint.

2

184.)  The settlement was put on the record with a Court reporter, and the undersigned notified the Presiding Judge to enter a dismissal of the case with retention of jurisdiction for settlement purposes. *Id.*

As to the instant motion, the Defendants seek to enforce the settlement agreement between the parties.  The Defendants contend that the parties reached a full and final settlement which was placed on the record.  However, the parties have been unable to agree on the terms of a release agreement pursuant to the settlement.  Therefore, settlement has not been consummated.  The Defendants seek an Order enforcing the settlement agreement and compelling the Plaintiff to sign their releases.  Gautreaux opposes the motion.

## II.   Standard of Review

Federal law determines whether a settlement agreement is valid "where the substantive rights and liabilities of the parties derive from federal law."  *Mid-South Towing Co. v. Har-Win, Inc.,* 733 F.2d 386, 389 (5th Cir.1984).  Under federal law, settlement agreements are contracts. *Guidry v. Halliburton Geographical Services, Inc.,* 976 F.2d 938, 940 (5th Cir.1992).  A binding settlement agreement exists where there is a manifestation of mutual assent, usually in the form of an offer and an acceptance.  *See Courtney v. Andersen,* 264 F. App'x 426, 430 (5th Cir. Feb.1, 2008); *Lopez v. Kempthorne,* 2010 WL 4639046, *4 (S.D.Tex. Nov.5, 2010) (citing *Triche v. Louisiana Ins. Guaranty Assoc.,* 2010 WL 891000, *5 (E.D.La. Mar.5, 2010); *Turner Marine Fleeting, Inc. v. Quality Fab and Mechanical, Inc.,* 2002 WL 31819199, *4 (E.D.La. Dec.13, 2002)).  "If a party to a [federal] suit who has previously authorized a settlement changes his mind when presented with the settlement documents, that party remains bound by the terms of the agreement."  *Fulgence v. J. Ray McDermott & Co.,* 662 F.2d 1207, 1209 (5th Cir.1981).

3

Where, as here, the Plaintiff is represented throughout the settlement negotiations by his attorney of choice, the settlement agreement is presumptively informed, willing, and valid. *See Baptist v. City of Kankakee,* 481 F.3d 485, 488, 490 (7th Cir.2007); *see also Link v. Wabash RR Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (noting that a plaintiff who chooses an attorney to represent him cannot avoid the consequences of the acts of that attorney). An attorney of record is "presumed to have authority to compromise and settle litigation of his client." *Mid-South Towing,* 733 F.2d at 390 (citations omitted).

### III.   <u>Analysis</u>

The Defendants assert that the settlement reached between the parties was a full and final settlement, and encompassed all potential claims against unnamed Defendants. Notwithstanding this agreement, the Plaintiff has expressed his desire to sue Benny Barnhill, an independent contractor whose services were retained by Apache Corporation as a supervisor, and Petroleum Engineers, Inc., an independent contractor through whom Benny Barnhill's services were retained. The Defendants contend that such action exposes them to potential liability.

The Defendants contend that on October 22, 2010, when the parties put their settlement agreement on the record, the Plaintiff's counsel made no attempt to reserve its rights against any party and made a full and final settlement of the Plaintiff's claims. Therefore, the Plaintiff is foreclosed from asserting any other claims resulting from the transactions and occurrences in the above captioned matter and must be compelled to execute the settlement by signing a release.

After the settlement was placed on the record, the Defendants attempted to come to an agreement with the Plaintiff regarding indemnity if the Plaintiff decided to bring a lawsuit against Barnhill or Petroleum Engineers. However, the Defendants have since determined that such an

agreement, practically speaking, is "worthless" because they "can only be protected from future exposure by a full and final settlement."  (R. Doc. 201-3, p. 7.)

In response, the Plaintiff contends that he concurs that the settlement should be enforced. The Plaintiff, however, believes that the Defendants have mis-characterized the terms of the settlement and are attempting to extend the settlement beyond its original terms.

The Plaintiff contends that during the settlement that was placed on the record, no party indicated that there would be a receipt and release.  The Plaintiff further avers that it made a "reasonable compromise" by suggesting that the transcript of the settlement hearing, along with a "neutral" receipt and release, be executed.

The Plaintiff contends that the Defendants specifically acquiesced to the Plaintiff's reservation of rights to proceed against Benny Barhnill and Petroleum Engineers and that it is the Defendants who are attempting to renege on their settlement with the Plaintiff.

The Plaintiff further contends that he has not been fully compensated by the $250,000.00 in the settlement agreement and should be entitled to bring additional claims against additional Defendants.  The Plaintiff further contends that it is contemplating bringing causes of action against the Defendants for their "strong arm tactics" to force the Plaintiff to release his new claims.  The Plaintiff is also considering Rule 11 sanctions.  Further, Plaintiff's counsel is considering taking action against the Defendants because he believes their post-settlement actions have caused his client to relapse into alcohol and drug use.  The Plaintiff contends that, if it has to sign the receipt and release agreement, he will be forfeiting his rights to bring these claims.

As this Court has already found, the Plaintiff, himself, specifically waived his claims as to all other potential parties, whether or not named in the above captioned lawsuit.  Specifically, this

Court found that the Defendant's counsel asked the Plaintiff, "I want to make clear this is a full and final settlement of all of Mr. Gautreaux's claims, *including any claims against any other parties who may or may not have been named in this lawsuit*, such as Petroleum Engineers, Inc., Superior Wells Service, Power Compression Services, or any other company."  (R. Doc. 186-1, p. 5)(Emphasis added).  The Plaintiff responded, "yes."  *Id.*

Subsequently, a conversation between the Plaintiff's and Defendant's counsel ensued in which the Plaintiff's counsel argued that he never agreed that the Plaintiff would not bring claims against any other Defendant, particularly Petroleum Engineers.  However, at no point, did the Plaintiff's counsel attempt to have Gautreaux retract his consent to waive his claims against any other entity.  Further, to the degree that there was a misunderstanding as to the terms of the agreement between the parties as it was being placed on the record, neither Plaintiff nor his counsel attempted to stop the agreement from being placed on the record or note that no agreement had been reached in light of the disagreement between the parties.

Contrary to the Plaintiff's arguments, it is clear that the Plaintiff entered into a full and final settlement with the Defendants.  This full and final settlement included a waiver of any and all claims arising out of the above captioned lawsuit.  The Plaintiff never retracted his agreement to these terms during the course of placing the settlement on the record, nor did Plaintiff's counsel attempt to have the Plaintiff retract his agreement.  The Plaintiff, who was represented by counsel during settlement negotiations and while the Plaintiff put the settlement on the record, made an informed, willing, and valid agreement.  The Plaintiff is bound to the terms of the agreement that he entered, and this term included a waiver of all claims arising out of the transactions and occurrences of the above captioned matter.

Although the Court finds that the settlement agreement should be enforced, the Court finds that the receipt and release agreement proposed by the Defendants is beyond the scope of the settlement placed on the record.  Under the receipt and release agreement, the Plaintiff does not only release the Defendants from any liability resulting from the above captioned matter, it also includes any liability which occurred prior to the Plaintiff's alleged injuries and up until the date that the receipt and release is signed.[3]  When the settlement was placed on the record, the Plaintiff never waived his rights to all claims against these Defendants which were unrelated to the above captioned matter.

In that respect, the Court finds that the receipt and release proposed by the Defendants is overly broad and will not compel the Plaintiff to sign it as written.  Therefore, the Defendants must resubmit to the Plaintiff a receipt and release which is limited only to those claims which arise from the transactions and occurrences that are the subject of the above captioned matter.

## IV.    <u>Recommendation</u>

**IT IS THEREFORE RECOMMENDED** that the Defendant's **Motion to Enforce**

---

[3]Specifically, the receipt and release states,

Gaureaux hereby releases, acquits, and forever discharges [the Defendants and various individuals associated with the Defendants, including agents, employees, etc.] from any and all liability, claims, liens, remedies, debts, damages (compensatory or punitive), injuries or causes of action of whatever nature that Gavin Gautreaux or his heirs, executors, administrators, legal representatives, successors, assigns, spouses (former, current, and future), and/or children may have or may claim to have now or in the future, against the [Defendants] . . . arising out of or in any way connected, either directly or indirectly, with the alleged accident and injuries occurring on or about September 18, 2006, *and any other accident or injury not enumerated herein above which is the result of any matter or thing done, omitted or suffered to be done by [the Defendants] prior to and including the date hereof,* including, without limitation, any right or claims under the laws of the State of Louisiana, the United States, the laws of any other state of the United States, the laws of any foreign country or nation, the Jones Act, the general maritime law, the Longshore & Harbor Workers Compensation Act, or in tort, whether at law or in equity, on account of or in any way connected, either directly or indirectly, with the injuries and damages sustained as aforesaid, and whether the same be now known or hereinafter discovered . . .

(R. Doc. 201-5, pp. 3-4.)

Settlement and to Compel Execution of Releases (R. Doc. 201) be **GRANTED IN PART** and

**DENIED IN PART**:

- **IT IS RECOMMENDED** that the motion be **GRANTED** insofar as the Court finds that the Plaintiff agreed to a full settlement of all claims arising out of his September 18, 2006, accident.

- **IT IS RECOMMENDED** that the motion be **DENIED** insofar as the Court declines to compel the Plaintiff to sign the proposed receipt and release agreement, as it does not properly reflect the terms of the settlement agreement between the parties.

**IT IS FURTHER RECOMMENDED** that the Defendants be ordered to resubmit to the Plaintiff a receipt and release which properly reflects the terms of the agreement.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[4]

New Orleans, Louisiana, this 15th day of June 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

8